Mark A. **ANZIVINO**, Plaintiff—Appellant,

v.

State of **ARIZONA**; et al., Defendants—Appellees.

No. 03–16622.

D.C. No. CV–01–00551–EHC/VAM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Jan. 8, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark A. Anzivino, pro se, Buckeye, AZ, for Plaintiff–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Arizona state prisoner Mark A. Anzivino appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights in connection with an injury to his right ring finger. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Anzivino's claim alleging prison officials were deliberately indifferent to his serious medical needs because Anzivino's amended complaint demonstrates that he received continued treatment for his injury, and mere malpractice, or even gross negligence, will not suffice to establish deliberate indifference. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990).

The district court properly dismissed Anzivino's Fourteenth Amendment due process claim because Anzivino did not allege a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (limiting protected liberty interests to "freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Anzivino's remaining contentions lack merit.

**AFFIRMED.**